CLARA K. STEINMETZ
*vs.*
HARRY G. STEINMETZ

Superior Court　　　Fairfield County　　　File No. 58205

**MEMORANDUM FILED DECEMBER 6, 1939.**

125 Conn. 663
125 Conn. 735

*George E. Beers,* of New Haven, for the Plaintiff.

*Wright, Hirschberg, Pettengill & Strong,* of Greenwich, for the Defendant.

O'SULLIVAN J.   The complaint is in two counts.   The demurrer to the first is sustained *pro forma.*

The second count alleges the following: The plaintiff is the widow of Frederick W. Steinmetz who, while alive, conducted with his brother, the defendant, a machine shop business in the Town of Greenwich under the name of The Steinmetz Machine Works.   In 1931, the brothers had entered into a partnership agreement which included a provision that should either die during the term of the partnership, it should not be deemed dissolved but the assets would pass to the survivor, subject, however, to the condition that the latter should pay to the widow of the deceased partner, as long as she remained single, the sum of $50 weekly, and in the event that he should deem it advisable to sell the business during the widow's life and while she was

single, he should pay to her one-half of the net proceeds of the sale. The articles of partnership further provided that both parties should execute reciprocal wills to carry out these terms and conditions, and such wills were executed contemporaneously with their agreement. Frederick died on December 28, 1935, and upon his death the defendant took possession of all of the partnership assets. Thereafter, he continued to conduct the business and, until last summer, paid the plaintiff $50 each week.

Claiming to act under the partnership agreement, the defendant sold during July all of the tangible property used in the business, but the sale did not include the good will. He thereupon opened up a factory within a half mile of the site of his former operations and proceeded to run a machine shop business under the name of H. G. Steinmetz Machine Works. At the time of the purported sale, the good will of the business was reasonably worth $60,000.

The defendant has demurred on these grounds: (a) Neither the partnership agreement, nor the will of Frederick W. Steinmetz, required the defendant to refrain from engaging in the machine shop business after the partnership assets were sold under the terms of the agreement and will; (b) Neither instrument required that a sale of the partnership assets should include the good will; (c) Neither instrument specified any minimum price for the business to be sold.

All of these grounds ought to be considered together. I gather from the argument and brief of defendant's counsel that he deems good will to be synonymous with the refraining by one partner from the act of continuing in a similar line of business. This, of course, is inaccurate. The books teem in definitions of good will, of which a comprehensive one has been cited with approval in numerous cases. Good will is the advantage or benefit which is acquired by an establishment beyond the mere value of the property employed therein in consequence of the general public patronage and encouragement which it receives from constant or habitual customers on account of its local position or common celebrity or reputation for skill, affluence, punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices. 28 C.J. Good Will §1, and cases cited.

Good will is property recognized as such and protected by law. It may have real worth and in this case does possess great value. *Platt vs. Platt,* 42 Conn. 330, 347. Its sale, in and of

itself, does not preclude the seller from setting up a similar line of business in the vicinity. *Cottrell vs. Babcock Printing Press Mfg. Co.,* 54 Conn. 122.

Under the terms of his agreement with his brother, the defendant might sell the machine shop business at the latter's discretion. But that agreement required him to sell not only the tangible property but the good will as well. See Anno., 44 A.L.R. 517. Having neglected so to do, he should respond in damages to her for whose benefit the contract was made. Hence grounds (a) and (c) of the demurrer to the second count are immaterial, while ground (b) is contrary to the terms of the will and partnership agreement.

The demurrer to the first count is sustained *pro forma*; as addressed to the second count, it is overruled.